# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**JOSHUA HAYNES**                                                                  **PLAINTIFF**
**#7201**

**v.**                      **Case No. 4:23-CV-00142-LPR**

**EDWARDS, Captain,**
**White County Detention Center, et al.**                           **DEFENDANTS**

## ORDER

The Court withdraws the reference.

On February 21, 2023, Plaintiff Joshua Haynes, an inmate in the White County Detention Center, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983 and Motion for Leave to Proceed *In Forma Pauperis*.[1]

Prior to filing this lawsuit, Plaintiff had at least three cases dismissed for failing to state a claim upon which relief may be granted.[2] Based on Plaintiff's status as a "three-striker," he may not proceed *in forma pauperis* unless he can establish that, at the time he filed his Complaint, he was in imminent danger of serious physical injury.[3] In order to invoke this exception, Plaintiff must make "specific fact allegations of *ongoing* serious physical injury, or of a *pattern* of misconduct evidencing the likelihood of imminent serious physical injury."[4]

In his Complaint, Plaintiff asserts that, on October 3, 2022, he was "attacked by an inmate

---

[1] Compl. (Doc. 2); Mot. for Leave to Proceed *In Forma Pauperis* (Doc. 1).

[2] *Haynes v. White County Detention Center*, No. 4:15-CV-196-KGB, Order (Doc. 6) (E.D. Ark. Nov. 24, 2015); *Haynes v. Grimes*, No. 4:16-CV-853-BSM, Order (Doc. 15) (E.D. Ark. Feb. 17, 2017), *summarily aff'd*, No. 17-1500 (8th Cir. Mar. 7, 2017); *Haynes v. Edwards*, No. 4:16-CV-890-BRW, Order (Doc. 7) (E.D. Ark. Feb. 8, 2017), *summarily aff'd*, No. 17-1577 (8th Cir. July 25, 2017).

[3] 28 U.S.C. § 1915(g); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed, not when the alleged wrongdoing occurred" (citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998))).

[4] *Martin*, 319 F.3d at 1050 (emphasis added).

and bitten on the back . . . ."[5]  He claims that "Lieutenant Ross and other staff" bribed the inmate to attack him.[6]  Then, on January 24, 2023, when Plaintiff gave Captain Edwards "copies of a Temporary Restraining Order," Captain Edwards and staff "laughed at [him] and threatened [him] . . . ."[7]  Finally, on February 1, 2023, Lieutenant Ross placed him in administrative segregation.[8]  These allegations fall short of showing Plaintiff is in imminent danger of serious physical injury.

Accordingly, Plaintiff's Complaint will be dismissed without prejudice.  If Plaintiff wishes to pursue this case, he may do so by filing a motion to reopen, accompanied by the $402 filing and administrative fee, within thirty days of this Order.

IT IS THEREFORE ORDERED THAT:

1.   Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is DENIED.[9]

2.   Plaintiff's Complaint is DISMISSED without prejudice.

3.   All other Motions are DENIED as moot.[10]

4.   The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from the Order and Judgment dismissing this action would not be taken in good faith.

IT IS SO ORDERED this 11th day of May 2023.

_____
LEE P. RUDOFSKY
UNITED STATES DISTRICT JUDGE

---

[5] Compl. (Doc. 2) at 4.

[6] *Id.*

[7] *Id.* at 5.

[8] *Id.*

[9] Doc. 1.

[10] Mot. for Appointment of Counsel (Doc. 3); Mot. for Entry of Default (Doc. 5).